### John Coatsworth v. Archy Barr and others.

The statute which provides, that in any "*action*" brought on negotiable paper given on an usurious consideration, if the plaintiff became a *bona fide* purchaser of the paper before it became due, then, unless it appear that he had notice of the usury when he bought, he shall be entitled to recover, is to be construed as embracing suits in chancery as well as actions at law.

*Heard January 12th. Decided April 21st.*

Appeal in Chancery from Ingham Circuit.

*Barnes & Huntington,* for complainant.

*Blair & Gibson,* for defendant, Archy Barr.

CAMPBELL J.:

Defendant, Archy Barr, seeks to avoid a mortgage foreclosure, on the ground of usury in a portion of the negotiable note secured by it. The complainant is shown to be a *bona fide* purchaser, and we do not think that proof of actual notice of the usury is made out. .

It is claimed, however, by defendant, that it is only in actions at law that such a purchaser is protected. The statute, *Comp. L.* § 1316, uses the term "action" in the section referred to by counsel, and it is claimed to be used in a technical sense. By reference to the previous section, it

will be found that no contract is invalidated by usury. The only relief against it is confined to a deduction allowed in an "action" upon the usurious contract. If this term were used technically for an action at law, there could be no deduction in equity whatever. This would nullify the entire object of the statute, which was to allow such deduction in all cases where the original usurious contract was sought to be enforced by any one except a *bona fide* holder of negotiable paper, whether enforced at law or in equity. There is no good reason for any distinction, and we do not think such a distinction is consistent with the general design of the usury law.

The decree is affirmed, with costs.

The other Justices concurred.